UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY A. COOMBS,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                Defendant. | CASE NO. 16-5878-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS** |

Mary A. Coombs appeals the ALJ's order finding her not disabled. The ALJ found chronic obstructive pulmonary disease (COPD), obesity, status post colon resection for diverticulitis, calcaneous ankle spurs, and disc disease are severe impairments; that Ms. Coombs has the residual functional capacity (RFC) to perform light work with additional limitations; and that Ms. Coombs cannot perform past relevant work but can perform other work in the national economy. Tr. 23-32. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr. 1.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind

1   might accept as adequate to support a conclusion. Where the evidence is susceptible to more than

2   one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v.*

3   *Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999) (citations omitted). Moreover, the Court

4   will reverse the ALJ's decision only if the claimant demonstrates the ALJ's error was harmful.

5   *Id.* Ms. Coombs contends the ALJ misevaluated the medical evidence and her testimony. She

6   also argues spirometry test results she submitted to the Appeals Council show the ALJ's decision

7   is not supported by substantial evidence. Dkt. 2, 9. As relief Ms. Coombs requests the Court

8   remand the case for further proceedings.

9   **A.     Medical Evidence**

10   Ms. Coomb's opening brief lists, seriatim, notations made by James Lee, M.D., Alison

11  Wilson, M.D., Tonia Jenson, D.O., Pragathy Vutla, M.D., Rory Laughery, M.D., Khalid Aslam,

12  M.D., Kyung Noh, M.D., James Floyd, M.D., Brenda Park, D.G., Chad Farley, D.P.M., Andre

13  Joseph, M.D., Aljandro Gonzalez, M.D., and CT and X-Ray results. Dkt. 3-6. She states "the

14  above-cited medical evidence supports Coomb's testimony about her limitations." *Id.* 8.

15   The Court rejects this conclusory statement. Ms. Coombs cannot merely make a

16  statement and leave the Court to do counsel's work—framing the argument, and putting flesh on

17  its bones through a discussion of the applicable law and facts. *See Ve Thi Nguyen v. Colvin*, No.

18  C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) *citing*

19  *Vandenboom v. Barnha*rt, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory

20  assertion that ALJ failed to consider whether claimant met Listings because claimant provided

21  no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n.

22  4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388,

23

1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review).

### 1.    *Borislav Kirov, M.D., and Rachel Collins, ARNP*

Dr. Kirov and Ms. Collins diagnosed Ms. Coombs with depression. Tr. 444, 685. Ms. Coombs argues the ALJ therefore erred in failing to find depression a severe impairment at step two. Dkt. 13 at 4, 8. Even if the ALJ so erred, the error is harmless for two reasons. First, the ALJ assessed whether depression met the Listings, Tr. 25, and whether Ms. Coombs' testimony[1] about depressive symptoms should be given weight in assessing her RFC. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding where ALJ considered evidence of limitations posed by claimant's bursitis at step four, any error in failing to consider bursitis "severe" at step two was harmless). And second, neither Dr. Kirov nor Ms. Collin's opined Ms. Coombs had work limitations due to depressive symptoms. In fact, other than diagnosing Ms. Coombs with depression, Dr. Kirov says nothing about observing any depressive symptoms or the need for psychiatric care or medications. *See* Dkt. 444-46.

Ms. Collins notes Ms. Coombs was depressed and crying for no reason and staying in her room, Tr. 685. But she also noted Ms. Coombs "has never tried antidepressants in the past," *id.,* and was "consolable." *Id.* Ms. Collins's records, which span about a year, indicate that half the time, Ms. Coombs did not screen positive for depressive symptoms, and that even when she screened positive, Ms. Coombs stated she felt "well." Tr. 671, 678, 682, 684. Accordingly, Ms. Coombs has failed to show the ALJ failed to account for limitations due to depression, and has thus failed to meet her burden of establishing reversible step two error. *See Shinseki v. Sanders*,

---

[1] As discussed in Part B, below, the ALJ gave at least one valid reason to reject Ms. Coombs' testimony about the severity of her symptoms.

556 U.S. 396, 409 (2009) (party attacking an agency's determination carries burden of showing harmful error).

### 2. Michael LoForti, MPT

Ms. Coombs was evaluated and treated at MVP Physical Therapy by Mr. Loforti, and Angela Bachel, DPT. The opinions of other sources, such as physical therapist, are important and must be evaluated by the ALJ. *See Garrison v. Colvin*, 759 F.3d 995, 1013–14 (9th Cir.2014) (ALJ erred by failing to recognize "other source that can provide evidence about the severity of a claimant's impairments and how it affects the claimant's ability to work"). Ms. Coombs argues the ALJ erred by "failing to discuss Mr. LoForti's findings," though the argument relies upon the March 28, 2014, discharge summary created by Ms. Bachel. Dkt. 13 at 7.

The record shows the ALJ failed to discuss the discharge summary, and thus erred. The Commissioner argues otherwise claiming that because Ms. Bachel "simply reported Plaintiff's [less than fully credible] changing description of her impairments the ALJ was not required to provide additional discussion of their notes." Dkt. 14 at 7. The argument is both factually and legally incorrect. The record clearly establishes, the ALJ did not reject Ms. Bachel's opinions because they were based on the non-credible statements of Ms. Coombs; rather the ALJ failed to address the opinions at all. Moreover, the record does not support the Commissioner's post-hoc interpretation. Ms. Bachel's evaluation indicates she physically examined Ms. Coombs (palpation), and administered a number of tests in formulating her opinions that Ms. Coombs had significant limitations. *See* Tr. 628 (referencing Spurling's test, manual cervical distraction test, accessory movement test, strength test, vertebral artery test, and reflex tests). Hence the record cuts against the Commissioner's post-hoc interpretation.

As a matter of law, the Commissioner's argument is nothing more than an improper post-hoc rationalization the Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). This is because the Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995).

The ALJ's error was harmful. The ALJ must assess a claimant's residual functional capacity based on all of the relevant evidence in the case record, including medical source statements. See 20 C.F.R. § 416.945(a). This did not occur because the ALJ failed to account for all of the limitations assessed by Ms. Bachel.

   *3.   Reviewing doctors*

Ms. Coombs argues the ALJ erred in giving great weight to the opinions of Drs. Rubio and Platter. Dkt. 13 at 8. Because the ALJ erred in failing to address Ms. Bachel's opinions, the ALJ on remand may revisit what weight the reviewing doctors' opinions should be given.

   *4.   Evidence submitted to the Appeals Council*

Two weeks after the ALJ issued her decision, Ms. Coombs submitted to the Appeals Council SeaMar spirometry test results that were performed on April 24, 2015. Ms. Coombs argues the Appeals Council violated the social security regulations by not including the test results in the record; she also argues the results undermine the ALJ's disability determination. Dkt. 13 at 9. Regarding the first part of Ms. Coombs' argument, it appears the Appeals Council intended to make the SeaMar test results part of the record, and in fact considered the records. This is evidenced by how the Appeals Council included in the record other SeaMar records submitted after the ALJ's decision (Exhibit 17F), and how the Appeals Council also included in

the record, counsel's letter brief that argued review should be granted because "Claimant had a spirometry on 4/24/2015 and it was noted that she had severe airway obstruction with low vital capacity (records are attached hereto and incorporated by reference). Tr. 268. Accordingly, the Court concludes the Appeals Council considered the Seamar spirometry test results, the arguments counsel raised in the letter brief about those results, and that the test results are therefore part of the record.

As to the second part of the argument, Ms. Coombs bears the burden of establishing the test results undermine the ALJ's decision. She fails to meet that burden in that she provides no explanation as to how or why the results requires reversal of the ALJ's decision. The Court notes the ALJ found COPD did not meet the requirements of Listing 3.02 due to the lack of "any medical tests necessary to satisfy the requirements." Tr. 26. Although the record now contains a "medical test," the results of the spirometry test do not undermine the ALJ's determination.

Listing 3.02A governs chronic pulmonary insufficiency. To meet the Listing, a claimant must meet a certain FEV1 value as shown by spirometry testing. Listing 3.00E describes the requirements for pulmonary testing, and describes FEV1 as the reported forced expiratory volume. The Listing requires the FEV1 be the largest of at least three satisfactory forced expiratory maneuvers, and that two of the satisfactory spirograms must be reproducible for both pre-bronchodilator and post-bronchodilator tests. To be reproducible, a value must not differ from the largest value by more than 5 percent or 0.1 L, whichever is greater.

Listing 3.00E also directs that spirometry testing must be repeated after administration of an aerosolized bronchodilator if the pre-bronchodilator FEV1 value is less than 70 percent of the predicted normal value. This is because "[t]he effect of the administered bronchodilator in relieving bronchospasm and improving ventilatory function is assessed by spirometry," and the

1  values used in Listing 3.02A "must only be used as criteria for the level of ventilatory

2  impairment that exists during the individual's most stable state of health."

3  The test results Ms. Coombs submitted to the Appeals Council fail to meet the

4  requirements of the Listings. Ms. Coobs is 63 inches tall. Listing 3.02A defines chronic

5  pulmonary insufficiency for such a person as having an FEV1 value equal to or less than 1.15.

6  Here three pre-bronchodilator FEV1 trials were performed. The trial with the largest result

7  yielded a value of 1.30, which exceeds the 1.15 value required to meet the Listing. There are no

8  post-bronchodilator test results. The testing submitted therefore does not undermine the ALJ's

9  determination that COPD does meet the Listings.

10  In sum, the ALJ found COPD is a severe impairment and considered the condition in

11  assessing Ms. Coombs' RFC. Ms. Coombs submitted post hearing spirometry results regarding

12  COPD which the Appeals Council considered and intended to make part of the record. The Court

13  has considered the post hearing evidence, as part of the record. However, as noted above, Ms.

14  Coombs provides no explanation as to why the post-hearing test results undermine the ALJ's

15  RFC determination. Additionally, the test results show Ms. Coombs' COPD does not meet the

16  requirements of a Listed Impairment. The ALJ's step three determination as to COPD is

17  accordingly not undermined. As Ms. Coombs has failed to show the new evidence undermines

18  the ALJ's decision, the Court rejects her argument that the new evidence compels reversal of the

19  Commissioner's final decision.

20  **B.    Ms. Coombs' Testimony**

21  Ms. Coombs argues the ALJ erroneously rejected her testimony. The ALJ did not find

22  malingering and was thus required to give clear and convincing reasons to reject Ms. Coombs'

23  testimony about the severity of her symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir.

1996). The ALJ found although Ms. Coombs alleged she became disabled beginning October 1, 2010, "there is no medical evidence in the record whatsoever until September 29 2012." Tr. 28. Ms. Coombs does not claim this is untrue but argues the ALJ erred in two ways. First she argues the fact there are no medical records pre-dating 2012 does not show she was not disabled at some later point. Dkt. 13 at 10. The argument is evasive and does not address the essence of the ALJ's rationale: Ms. Coombs' claim that she became disabled in 2010 is inconsistent with the absence of any medical records establishing a severe impairment for that time period. Indeed, disability is defined as the inability to work due to a severe impairment. *See* 20 C.F.R. § 404.1505(a). If a claimant has no severe impairments, then the claimant is not disabled. The ALJ may consider "ordinary techniques of credibility evaluation." *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). The Court concludes that this is what the ALJ did and affirms the ALJ's reasoning.

Second, Ms. Coombs argues the ALJ erred by failing to inquire why Ms. Coombs did not receive treatment between 2010 and 2012, including whether she could afford treatment. Dkt. 13 at 10. The argument fails. The record shows Ms. Coombs and her lawyer were advised the claimant must provide medical evidence showing she has a severe impairment during the time she alleges disability, Tr. 134; that Ms. Coombs' lawyer informed the ALJ that the record was complete, Tr. 41; and that Ms. Coombs did not submit any medical evidence pre-dating 2012. The record thus contains no ambiguities that the ALJ was obligated to clarify.

Additionally the record shows Ms. Coombs had multiple opportunities to explain why she did not submit any medical records for the period of time between 2010 and 2012. She could have raised lack of funds during the hearing before the ALJ, or in her letter brief to the Appeals Council. She did not; in fact, her letter brief does not even challenge the ALJ's finding that the lack of any medical evidence pre-2012 undermined her testimony. Tr. 267-70.

The Court also rejects Ms. Coombs' argument because it is not based on the record. There is nothing in the record that supports Ms. Coombs' argument that she **did not** receive medical treatment before 2012, **perhaps** for financial reasons. Perhaps she received treatment, perhaps she did not; the record simply does not indicate one way or another. Whether she did not receive treatment is thus guesswork because the record only reveals Ms. Coombs did not submit any medical evidence that predates 2012. In short, Ms. Coombs has the burden of showing harmful error. On the record before the Court, she falls far short of making this showing.

The ALJ rejected Ms. Coombs' testimony based on other reasons which the Court need not address. This is because the reason above is valid and supported by substantial evidence and any error the ALJ might have committed in relying on other grounds to reject Ms. Coombs' testimony is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the MVP Physical Therapy opinions of Mr. Loforti, and Ms. Bachel, reconsider the reviewing doctors' opinions as needed, develop the record, reassess Ms. Coombs' RFC, and proceed to step five as appropriate.

DATED this 14th day of July, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS - 10