UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY A. COOMBS,

                    Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. C16-5878-BAT

**ORDER GRANTING EAJA
FEES AND COSTS**

Mary A. Coombs, moves for EAJA fees and expenses of $8,239.33. Dkt. 19. The

Commissioner argues her position is substantially justified and no fees should be awarded. Dkt.

20. The Court rejects this arguments and **GRANTS** plaintiff's motion.

Substantial justification requires the government to demonstrate its position had a

reasonable basis in both law and fact at each stage of the proceedings, including both the

government's litigation position, and the underlying agency action giving rise to the civil action.

*Tobeler v. Colvin,* 749 F.3d 830, 832–34 (9th Cir. 2014). Deviating from this standard, the

Commissioner argues the issue is "whether the Commissioner was substantially justified in

defending the errors identified by the Court." Dkt. 20 at 2. But the "position of the United States"

includes *both* the government's litigation position and the underlying agency action giving rise to

the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2014). Thus the Court first

considers the underlying agency action to determine whether the government's position is substantially justified. *Id.* at 872. A court need not address whether the government's subsequent litigation position is justified when the underlying agency position was not substantially justified. *Id.* at 872–73. Here the Commissioner reargues her position, a position the Court already rejected in reversing the ALJ's decision, and which the Court rejects as establishing substantial justification. To the extent the Commissioner raises new arguments, they cannot be relied upon to substantially justify a prior position.

Accordingly the Court **GRANTS** Ms. Coombs' motion, Dkt. 19, and **ORDERS**

1.      Plaintiff is awarded EAJA fees and expenses in the sum of $8,329.33. The Court has reviewed the pleadings and finds the fee requested is reasonable. Subject to offsets allowed under the Treasury Offset Program, under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), payment of the award shall be sent to Plaintiff's attorney Eitan Kassel Yanich at his address:  Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501.

2.      The Commissioner shall consider Plaintiff's assignment of EAJA fees and expenses to her attorney. Under *Ratliff*, the assignment depends on whether the EAJA award is subject to offsets allowed under the Treasury Offset Program. The Commissioner will contact the Department of Treasury to determine whether the EAJA award is subject to any offset. If not, the EAJA award shall paid directly to plaintiff's attorney Eitan Kassel Yanich, either by direct deposit or by check payable to him and mailed to his address.

DATED this 30th of October, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge